IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0472-05






MICHAEL MILLER EULER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Meyers, J., filed a concurring opinion, in which Keller, P.J., and
Keasler, and Hervey, JJ., joined.


CONCURRING OPINION



 I agree that the trial court did not violate Appellant's right to due process. I write
separately because I disagree with the majority's implication that Appellant had a due-
process right to present evidence regarding his sentence at his probation revocation
hearing. Slip op. at 5. I would instead say that Appellant's due-process rights were
satisfied when he plead guilty and was sentenced to four years' imprisonment. At that
time, his sentence was probated, and he agreed to conditions of community supervision. 
When a defendant violates the agreed-upon terms of community supervision, he is
entitled to a revocation hearing, and nothing more. Appellant got that. The majority
seems to say that Appellant had a due-process right to present evidence at his revocation
hearing, but that he did not have a right to another hearing on another day. It also implies
that, had Appellant been properly prepared for the revocation hearing, he would have had
the due-process right to present whatever evidence and argument he wanted. The
majority holds that, because he presented evidence at the revocation hearing, his due-
process rights were not violated. 

 I agree that Appellant's due-process rights were not violated, but for a different
reason. Appellant was already found guilty by the trial court, and his sentence was
already determined at a punishment hearing. This original punishment hearing satisfied
Appellant's due-process rights. Appellant was not entitled to another punishment hearing
when his probation was revoked and certainly had no right to additional time to prepare
for a hearing that he was not entitled to. Due process is not violated when a defendant
does not receive something that he was not entitled to in the first place. 

 With these comments, I concur in the judgment of the majority.

 

 Meyers, J.

Filed: March 21, 2007

Publish